UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIDGEPORT MUSIC, INC.,
SOUTHFIELD RECORDS, INC., and
WESTBOUND RECORDS, INC.,

       Plaintiffs,

vs.

RASHAAM A. SMITH a/k/a ESHAM A.
SMITH p/k/a ESHAM;
SCOTT SANTOS d/b/a JADED MUSIC;
REEL LIFE PRODUCTIONS, INC., and
OVERTURE MUSIC, LLC, individually and
d/b/a OVERCORE/GOTHOM RECORDS,
PSYCHOPATHIC RECORDS, INC., and
RED MUSIC DISTRIBUTION,

       Defendants.
_____/

Civil Action No.
03-cv-72211

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DENYING NON-PARTY'S MOTION FOR RELIEF FROM AN ORDER PURSUANT TO FED. R. CIV. P. 60(b) (Dkt. No. 37)**

This case began on June 9, 2003, when Bridgeport Music, Inc. ("Bridgeport"), Southfield Records, Inc. ("Southfield"), and Westbound Records, Inc. ("Westbound") (collectively, "Plaintiffs") sued various artists for copyright infringement, alleging that these Defendants recorded rap songs using parts of sound recordings owned by Plaintiffs without Plaintiffs' permission. (Am. Compl., Dkt. No. 2.) Defendants did not file an answer, and the Court entered Default Judgments in Plaintiffs' favor on August 16, 2004, and a Judgment in favor of Plaintiffs and against Defendants on March 9, 2005. (Dkt. No. 35.)

1

Six years later, on March 9, 2011, Non-Party Janyce H. Tilmon-Jones ("Tilmon-Jones") filed the instant Motion for Relief From an Order Pursuant to Federal Rule of Civil Procedure 60(b). (Dkt. No. 36.) Tilmon-Jones alleges that she is the legal owner of the musical work "You're Getting a Little Too Smart," which Plaintiffs alleged is a "Bridgeport musical composition and Westbound sound recording . . . ." (Am. Compl. ¶ 44.) Tilmon-Jones argues that the default judgments must now be set aside because they "are void and involve, and purport to adjudicate, legal rights in the 'YOU'RE GETTING A LITTLE TOO SMART' musical work." (Tilmon-Jones Mot. ¶ 5.)

Plaintiffs filed a Response on May 2, 2011, arguing that Tilmon-Jones lacks standing to bring a Rule 60(b) Motion, that her motion is untimely, and that she has not stated adequate grounds to vacate the default judgment. (Dkt. No. 45.) Tilmon-Jones filed a Reply on May 23, 2011.

On August 30, 2011, Plaintiffs filed a Motion for Leave to File Supplemental Response, arguing for the first time that Tilmon-Jones' motion was barred by res judicata, pursuant a previously filed case and subsequent consent decree. (Dkt. Nos. 47 and 48.) The Court granted Plaintiffs' Motion and ordered that Tilmon-Jones may file a Supplemental Reply by 10:00 a.m. on September 1, 2011, which she did. (Dkt. Nos. 49 and 50.)

At the September 6, 2011 hearing on this matter, counsel for Tilmon-Jones, Jeffrey Thennisch, attempted to support his arguments with language from *Jordon v. Gilligan*, 500 F.2d 701 (6th Cir. 1974), a case that was not previously discussed in any briefs in this matter, and which Mr. Thennisch brought to the Court's attention for the first time at the hearing. The Court thus ordered supplemental briefing on the *Jordon* case, which both parties filed on September 13, 2011. (Dkt. Nos. 55 and 56.)

2

For the reasons stated below, the Court will **DENY** Tilmon-Jones' Motion.

## I. BACKGROUND

### A. Previous Copyrights

Tilmon-Jones alleges that the musical work "You're Getting a Little Too Smart" was originally created and authored by her deceased spouse, Abrim Tilmon. On March 31, 1976, Mr. Tilmon assigned 100 percent of his interest in "You're Getting a Little Too Smart" to Bridgeport. Bridgeport filed a copyright application for "You're Getting a Little Too Smart" with the United States Copyright Office on March 20, 1974, and the application was granted.

Mr. Tilmon died unexpectedly on July 6, 1982, causing all renewal rights to "You're Getting a Little Too Smart" to revert back to his estate, which included his wife, Janyce Tilmon-Jones, and two children.[1] Nevertheless, Bridgeport never sought an assignment of the musical work from Mr. Tilmon's estate or Tilmon-Jones. On November 4, 1998, Bridgeport filed a second copyright application for "You're Getting a Little Too Smart," noting that it owned the work "[b]y written assignment." (Tilmon-Jones Mot., Ex. C, Copyright Application.)

On February 13, 2004, a copyright renewal form for "You're Getting a Little Too Smart" was filed by Jane Peterer, who claimed to be the duly authorized agent of Janyce Tilmon. (Dkt. No. 39, Tilmon-Jones Aff., Ex. B, Copyright Renewal.) The registration fee was charged to Bridgeport Music's account. (*Id.*) Tilmon-Jones denies ever authorizing Bridgeport or any of its agents to act on her behalf. (Tilmon-Jones Aff. ¶ 12.)

---

[1]The Copyright Act provides authors with a 28-year term of initial protection after registration. 17 U.S.C. § 304(a)(1)(A). The copyright can then be renewed for an additional 67 years within a year before expiration, but only certain persons are entitled to renewal. 17 U.S.C. § 304(a)(2)(B). Specifically, only the original artist, or if the artist is deceased, the artist's spouse, executors, or next of kin are entitled to renewal. 17 U.S.C. § 304(a)(1)(C). *See also Miller Music Corp. v. Charles N. Daniels, Inc.*, 362 U.S. 373 (1960); *Stewart v. Abend*, 495 U.S. 207 (1990).

On January 21, 2011, Mr. Tilmon's estate filed a renewal application for "You're Getting a Little Too Smart" with the U.S. Copyright Office. The application, which was also granted on January 21, 2011, lists Janyce Tilmon-Jones and Mr. Tilmon's two children as claimants to the copyright. (Tilmon-Jones Mot., Ex. F, Renewal Application.)

**B. Previous Litigation**

On September 14, 2006, Tilmon-Jones, individually and in her capacity as representative of the Estate of Abrim Tilmon, filed a complaint in the Eastern District of Michigan against Bridgeport and its president, Armen Boladian. *Tilmon-Jones v. Boladian*, No. 06-cv-14048 (E.D. Mich., filed Sept. 14, 2006). Tilmon-Jones alleged in the complaint that she had rights to "You're Getting a Little Too Smart" as "the writer, co-writer, creator and co-creator" of the work, and that Bridgeport purchased the rights from Mr. Tilmon. (Compl. ¶¶ 3 and 11, ECF 1, *Tilmon-Jones v. Boladian*, No. 06-cv-14048.) However, Tilmon-Jones did not allege that any rights became vested upon Mr. Tilmon's death, as she does in the instant Motion. Rather, the complaint asserted that Tilmon-Jones had a claim to two other musical works: "Feel the Need in Me" and "Yes I Know I'm in Love." (*Id*. at ¶¶ 16-20.)

On September 6, 2007, the parties entered into a consent judgment. The Consent Judgment noted that, on August 31, 2007, the parties also entered into a Memorandum of Consent Settlement Agreement, which "is fully enforceable as a complete settlement of all causes of action contained in Plaintiffs' complaint as against Defendants Armen Boladian and Bridgeport Music Inc." (Consent Judgment, ECF 37.)

The Memorandum of Consent Settlement Agreement stated as follows:

> TILMON-JONES, ESTATE and HEIRS hereby release and
> forever discharge Armen Boladian, individually, and Bridgeport . .
> . from all debts, demands, actions, causes of action, charges,
> complaints, judgments, suits, warranties, covenants, contracts,

4

>       promises, obligations, liabilities, or claims of any kind, type, or
>       description, . . . existing at the time of this Agreement, or which
>       subsequently may exist or arise following the execution of this
>       Agreement, that could have been brought by TILMON-JONES,
>       ESTATE and HEIRS pertaining to the causes of action contained
>       in the District Court Action for which this Agreement pertains.

(Pls.' Supp. Resp., Ex. D, Consent Agreement 2.)

At a hearing before Magistrate Judge Majzoub on September 4, 2007, prior to the entry of the Consent Judgment, the following exchange took place between Tilmon-Jones and her attorney, Benjamin Whitfield:

>   MR. WHITFIELD:      You understand this is a full and complete
>                       settlement of the copyright infringement
>                       case that was brought in this district?
>
>   PLAINTIFF JONES:    Yes.  For those two songs.
>
>   MR. WHITFIELD:      And what two songs are they?
>
>   PLAINTIFF JONES:    "Feel the Need in Me" and "Yes, I Know
>                       I'm in Love."

(No. 06-14048, Sept. 4, 2007 Tr. 8-9, ECF 38.)

On November 19, 2010, Tilmon-Jones, represented by Mr. Thennisch, filed a Motion to Set Aside the Stipulated Order Dismissing the Case. Tilmon-Jones alleged that Bridgeport had withheld material documents prior to the settlement. Bridgeport responded, alleging that it had in fact provided the documents. Tilmon-Jones then voluntarily withdrew her Motion to Set Aside on January 4, 2011. Bridgeport filed a Motion for Sanctions, which Distrct Court Judge O'Meara denied on June 1, 2011. (Order Denying Motion for Sanctions, ECF 68.)

**C.  The Present Motion**

Counsel for Tilmon-Jones states that he first became aware of Bridgeport's claim to "You're Getting a Little Too Smart" in the instant action in December 2010 during "a routine

5

online PACER[2] search on the U.S. District Court for the Eastern District of Michigan's website." (Dkt. No. 38, Thennisch Decl. ¶ 2.) Mr. Thennisch states that he contacted Plantiffs' counsel on January 20, 2011, and February 17, 2011, regarding Tilmon-Jones' purported ownership of the musical work. (Thennisch Decl. ¶ 10.) He then filed the instant Motion on March 9, 2011.

**D. Other Pending Action**

On July 11, 2011, while the current Motion was pending before this Court, Tilmon-Jones, along with her children and a music publishing company, Global Royalty Network & Publishing, filed a complaint against Bridgeport and its president, along with several other record companies, including Westbound and Southfield. *Tilmon-Jones v. Bridgeport Music, Inc.*, No. 11-cv-13002 (E.D. Mich., filed Jul. 13, 2011). In this complaint, Tilmon-Jones claims ownership of "You're Getting a Little Too Smart" for the same reasons as she does in the instant Motion, pursuant to 17 U.S.C. § 304(a)(2)(B), and asserts copyright infringement against Bridgeport, Westbound and Southfield. *See Id*. (Compl. ¶¶ 4, 295-305, ECF 1.)

## II.  ANALYSIS

**A. Non-Party Standing Under Rule 60(b)**

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . ." Plaintiffs argue that Tilmon-Jones, as a non-party, does not have standing to bring a motion under Rule 60(b).

The Sixth Circuit has not specifically held that a non-party has standing under Rule 60(b). However, in *Southerland v. Irons*, 628 F.2d 978 (6th Cir. 1980), a non-party was permitted to bring a Rule 60(b) motion to raise the issue of fraud on the court, noting: "Rule

---

[2]PACER is an online service that provides public access to federal court records.

6

60(b) by its own terms does not limit the court's power to set aside a judgment induced by fraud. Furthermore, a claim of fraud on the court may be raised by a non-party." *Id*. at 980.

Tilmon-Jones argues that a non-party may bring a Rule 60(b) motion when it is "strongly affected" by a judgment, citing two Second Circuit cases that have permitted non-parties to bring Rule 60(b) motions: *In re Lawrence*, 293 F.3d 615 (2d Cir. 2002), and *Grace v. Bank Leumi Trust Co. of New York*, 443 F.3d 180 (2d Cir. 2006).

In *Grace*, the Second Circuit explicitly limited its decision to the facts of the case, and held:

> that where plaintiffs enter into a settlement agreement with a judgment-proof, *pro se* defendant with the intent at the time of the settlement to collect from a third party that allegedly received fraudulent conveyances, and further, they attempt to use the judgment as a predicate for a fraudulent conveyance action against the third party, the third party is "strongly affected" by the judgment and entitled to standing to bring a Rule 60(b) motion.

443 F.3d at 188. *See also Dunlop v. Pan Amer. World Airways, Inc.*, 672 F.2d 1044, 1052 (2d Cir. 1982) ("Although Rule 60(b)(6) would not ordinarily be available to non-parties to modify final judgments, we hold that on the facts of this case appellants were sufficiently connected and identified . . . to entitle them to standing to invoke Rule 60(b)(6).")

In *Lawrence*, the Second Circuit noted in a footnote that "several circuit courts have permitted a non-party to bring a Rule 60(b) motion or a direct appeal when its interests are strongly affected . . . ." 293 F.3d at 627, n. 11 (citing *Dunlop, supra*; *Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 777 (9th Cir. 1994), *cert. denied*, 513 U.S. 943 (1994) (stating that "a nonparty may seek relief from a judgment procured by fraud if the nonparty's interests are directly affected."); *Binker v. Pennsylvania*, 977 F.2d 738, 745 (3d Cir. 1992) (allowing direct appeal by non-party); *Southland, supra*.).

The above cases are distinguishable from the instant matter because they involve non-parties who were either prevented from litigating their claims due to a previous judgment to which they were not a party (*Dunlop*), or because they contain a strong inference of fraud (*Grace*, *Southerland*). Although she asserts that Plaintiffs acted fraudulently in the instant case, Tilmon-Jones has fallen short of a strong showing that the default judgments were obtained by fraud. Moreover, Tilmon-Jones is fully able to sue Plaintiffs and have her rights to "You're Getting a Little Too Smart" fully adjudicated. Indeed, Tilmon-Jones has already filed a complaint, which is currently pending before Judge Friedman. Accordingly, Tilmon-Jones does not have standing and her Rule 60(b) Motion is dismissed.

The Court declines to address Tilmon-Jones' arguments regarding grounds for vacating the default judgments under Rule 60(b), because she lacks standing under the Rule.

**B.  Evidentiary Hearing**

Tilmon-Jones requests an evidentiary hearing pursuant to *H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115 (6th Cir. 1976). In that case, the Sixth Circuit held that a trial court may reopen discovery after judgment had been entered in light of allegations of fraud on the court made in a Rule 60(b) motion. *Id.* at 1119.

While it is doubtful that Tilmon-Jones even has standing to request an evidentiary hearing for the reasons noted *supra*, the Sixth Circuit has held that a non-party has standing in cases where there has been fraud on the court. *See Southerland*, 628 F.2d at 980. However, Tilmon-Jones has not made a prima facie case showing that she is entitled to discovery. In *H.K. Porter Co.*, the Sixth Circuit held that the trial court did not err when it denied discovery because there was "no proof of fraud adduced . . . ." *Id.* at 1121. Likewise, in the instant Motion

8

Tilmon-Jones states that she suspects fraud, but has not produced actual evidence of Plaintiffs' fraud. Accordingly, she is not entitled to an evidentiary hearing.

Moreover, Tilmon-Jones will have a full and fair opportunity to conduct discovery of Plaintiffs in her case filed in her July 2011 case, providing the complaint survives a motion to dismiss.

### III.  CONCLUSION

For the reasons stated below, the Court will:

(1) **DENY** Non-Party Janyce H. Tilmon-Jones' Motion for Relief From an Order Pursuant to Fed. R. Civ. P. 60(b).

**SO ORDERED**.


Dated: September 27, 2011
    Detroit, Michigan

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE


### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 27, 2011.

S/Felicia Moses for Denise Goodine
Case Manager

9