UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIDGEPORT MUSIC, INC.,
SOUTHFIELD RECORDS, INC., and
WESTBOUND RECORDS, INC.,

    Plaintiffs,

vs.

RASHAAM A. SMITH a/k/a ESHAM A.
SMITH p/k/a ESHAM;
SCOTT SANTOS d/b/a JADED MUSIC;
REEL LIFE PRODUCTIONS, INC., and
OVERTURE MUSIC, LLC, individually and
d/b/a OVERCORE/GOTHOM RECORDS,
PSYCHOPATHIC RECORDS, INC., and
RED MUSIC DISTRIBUTION,

    Defendants.
_____/

Civil Action No.
03-cv-72211

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING NON-PARTY'S MOTION FOR RECONSIDERATION (Dkt. No. 58)

On September 27, 2011, the Court entered an Opinion and Order Denying Non-Party Janyce H. Tilmon-Jones' ("Tilmon-Jones") Motion for Relief From an Order Pursuant to Federal Rule of Civil Procedure 60(b). (Dkt. No. 57.) On October 11, 2011, Tilmon-Jones filed a Motion for Reconsideration.

Pursuant to E.D. Mich. LR 7.1(h)(3), the Court will grant a motion for reconsideration only where the movant "demonstrate[s] a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled [and] also show[s] that correcting the defect will result in a different disposition of the case." The Court will not grant a

1

motion "that merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3).

"A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003).

In its September 27, 2011 Opinion and Order, the Court found that Tilmon-Jones could not vacate the default judgments in this case because she lacks standing under Fed. R. Civ. P. 60(b). Tilmon-Jones now argues that the Court's Opinion and Order is erroneous and contains a palpable defect under the following theories:

(1) Tilmon-Jones is Brideport Music, Inc.'s legal representative based on privity and/or

(2) Tilmon-Jones is Bridgeport Music, Inc.'s legal representative based on her rights as being so bound up with the final judgment that she is entitled to raise a Rule 60(b) challenge, and/or

(3) Tilmon-Jones has standing in the interests of justice.

## A. Tilmon-Jones Status as Bridgeport's Legal Representative

Federal Rule of Civil Procedure 60(b) confines relief to "a party or its legal representative[.]" Tilmon-Jones argues that the Court palpably erred when it did not address whether Tilmon-Jones has standing under Rule 60(b) as Bridgeport's legal representative.

As an initial matter, the Court notes that counsel for Tilmon-Jones did not raise this argument in the initial Rule 60(b) motion, and did not raise it at oral argument. Issues "raised for the first time in motions requesting reconsideration or in replies to responses" are generally

2

considered waived. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). Further, to the extent that Tilmon-Jones' counsel did raise the issue of agency, it was to expressly deny that an agency relationship existed between Tilmon-Jones and Bridgeport. Indeed, a key element of Tilmon-Jones' argument in seeking to set aside the default judgments under Rule 60(b) was that Bridgeport did not have standing, and that it obtained the default judgments by committing multiple falsehoods, including a representation that it was acting as Tilmon-Jones' agent. Tilmon-Jones cannot argue that she has standing under Rule 60(b) because Bridgeport acted as her agent, and that the default judgments are void because Bridgeport lacked standing. Tilmon-Jones' argument that she is Bridgeport's legal representative based on privity therefore fails, because it is contradictory with the theory on which she bases her requested relief.

The Court also finds persuasive the Seventh Circuit's reasoning in *United States v. 8136 S. Dobson St., Chicago, Illinois*, 125 F.3d 1076 (7th Cir. 1997) (hereinafter, "*Dobson Street*"), *cert. denied sub nom., Anderson v. United States*, 523 U.S. 1111 (1998). In *Dobson Street*, a non-party, Rodney Anderson, sought relief from several forfeiture judgments against property that he claimed he owned. *Id.* at 1078. Anderson had not been a party in the forfeiture proceedings, but several of his relatives, including his wife, brother, and mother, did file claims of ownership on the property. *Id.* In affirming the denial of the motion by the United States District Court for the Northern District of Illinois, the Seventh Circuit reasoned in part as follows:

> Because Rule 60 confines the relief it offers to parties, or a party's legal representative, to have standing under the rule, Rodney Anderson must demonstrate that he was the legal representative of one or more of the Anderson claimants who did file claims on the forfeited property. In this context, a legal representative is "one who stands in the place and stead of another, such as an heir at law." *In the matter of El Paso Refinery*, 37 F.3d 230, 234 (5th Cir. 1994).

3

*Id.* at 1082. In determining that Anderson lacked standing, the Seventh Circuit examined whether his arguments could have been raised by one of the parties he claimed to represent:

> Rodney's claims, of course, do not focus on relief from the judgment against the properties insofar as they deprived his mother or wife of the property; he is not actually seeking relief from judgments against the parties. Instead he argues that relief is justified because the judgments deprived *him* of *his* property. He contends he was the true owner of, and was deprived of, these properties through a series of events for which he should be excused under Rule 60(b)(6). . . . Although Rule 60(b) provides relief to both parties or the legal representatives of parties, when the Rule 60 petitioner seeks relief as the legal representative of a party, the claims presented are not his own claims but those of the party in whose place he stands. . . . Thus, were he the representative of his mother's interests, Rodney Anderson could challenge the judgment against his mother's property. But he cannot claim that he should have been a party and raise the arguments he would have raised had he in fact been so.

*Id.* at 1083 (emphasis in original).

The reasoning in *Dobson Street* applies in the instant case. Tilmon-Jones, a non-party, claims that she has standing under Rule 60(b) as the legal representative of Bridgeport, who was a party to the default judgments. However, Tilmon-Jones argues that relief is justified because she has been deprived of her property. Rather than representing Bridgeport's interests, Tilmon-Jones is arguing that she should have been a party in the prior default judgment proceedings. Accordingly, Tilmon-Jones does not have standing as Bridgeport's legal representative under Rule 60(b).

**B. Tilmon-Jones' Standing in the Interests of Justice**

Tilmon-Jones also argues that, in the interest of justice, the Court should have found that she has standing. Here, Tilmon-Jones cites an unpublished decision, *General Medicine, P.C. v. Horizon/CMS Health Care Corp.*, No. 96-72624, 2009 WL 1447346 (E.D. Mich., May 21, 2009), which relies on the reasoning in *Grace v. Bank Leumi Trust Co. of New York*, 443 F.3d

4

180 (2d Cir. 2002), a case the Court discussed extensively in its September 27, 2011 Opinion and Order. Because she merely rehashes her previous arguments, which the Court has rejected, Tilmon-Jones has failed to show that the Court's discussion of *Grace* and subsequent reasoning suffered from a palpable defect.

Tilmon-Jones further argues that the September 27, 2011 Opinion and Order contains a palpable defect because it does not analyze whether its prior rulings regarding the default judgments are void for lack of subject matter jurisdiction. The Court, however, found that Tilmon-Jones' did not produce sufficient evidence of fraud to cause the Court to examine its subject matter jurisdiction.

Tilmon-Jones notes that she has evidence that Bridgeport received money in connection with the instant default judgments. (Tilmon-Jones Mot., Ex. A, Check.) Nevertheless, the fact that Bridgeport has received money based on the default judgments in this case does not establish standing for Tilmon-Jones, nor is it sufficient evidence of fraud to cause the Court to hold an evidentiary hearing, nor does it demonstrate that the September 27, 2011 Opinion and Order contained a palpable defect.

Accordingly, the Court will **DENY** Non-Party Janyce H. Tilmon-Jones' Motion for Reconsideration.

**SO ORDERED**.

Dated: 12-12-11
Detroit, Michigan

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

5